# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GLENN JOSEPH HOPKINS, on behalf of, Cindy Sue Hopkins, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:15CV00065 ERW |
| CHRISTIAN HOMES, INC., et al., | ) ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action for recovery of workers' compensation benefits. Plaintiff is granted leave to proceed without payment of the filing fee, and this action is dismissed.

Rule 12(h)(3) of the Federal Rules of Civil Procedure requires the Court to dismiss an action if subject matter is lacking. Title 28 U.S.C. § 1915(e) requires the Court to dismiss an action if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff cites RICO, 42 U.S.C. § 1983, and the ADA as the sources of this Court's jurisdiction. Plaintiff also brings several claims under state law. Plaintiff's complaint, however, concerns the denial of Illinois workers' compensation benefits to his deceased wife. Plaintiff alleges that his wife was injured on the job in 2005. She was required to see a doctor chosen by her employer, and the doctor recommended that workers' compensation benefits be denied. Plaintiff claims that the injury ultimately led to her death in February 2010. In March 2010,

plaintiff filed a wrongful death action with the Illinois Workers' Compensation Commission seeking death benefits. He claimed that he was entitled to the benefits as the administrator of her estate. The claim was denied.

Plaintiff is suing defendants both on his behalf and on behalf of his wife's estate. To the extent that he is attempting to represent his wife's estate, this action is dismissed because he is not an attorney. 28 U.S.C. § 1654.

Regardless of plaintiff's characterization of this case as a RICO action or civil rights case, the crux of the case is the denial of Illinois workers' compensation benefits. This Court does not have jurisdiction to review the decisions of the Illinois Workers' Compensation Commission. Therefore, this case must be dismissed for subject matter jurisdiction.

Alternatively, the statute of limitations has run on plaintiff's RICO claims. RICO is subject to a four-year statute of limitations. Rotella v. Wood, 528 F.3d 549, 553 (2000). The period begins when the defendant commits an act that injures the plaintiff. Id. at 558. At the very latest, this occurred in October 2010. See Pl. Ex. 37 (Mot. to Vacate denial of benefits). This case was filed on January 12, 2015. As a result, plaintiff's RICO claims are time-barred.

Plaintiff's § 1983 claims fail because the allegations in the complaint do not rise to the level of constitutional violations and the vast majority of the defendants are not state actors. Moreover, the named state actors work for the Illinois Workers' Compensation Commission.

Plaintiff's ADA claim fails to state a claim upon which relief can be granted. Title II of the ADA states: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Plaintiff does not allege

that he is a qualified individual with a disability who is being denied benefits from a public entity.

Because the Court is dismissing plaintiff's federal claims, it declines to exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDRED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDRED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

So Ordered this 14th day of April, 2015.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE